UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NADINE TOWNSEND,

                Plaintiff,

     v.                                           No. 13-CV-1602
                                                     (TJM/CFH)
TRUSTCO BANK

                Defendants.
_____

**APPEARANCES:**                             **OF COUNSEL:**

NADINE TOWNSEND
Plaintiff, Pro Se
911 Central Avenue
Apartment #329
Albany, New York 12206

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Nadine Townsend ("Townsend"). Compl. (Dkt. No. 1). Townsend has also filed a motion to proceed in forma pauperis (IFP) (Dkt. No. 2) and requested appointment of counsel (Dkt. No. 3).

## II. DISCUSSION

### A. In Forma Pauperis Application

The Court has reviewed Townsend's IFP application. Dkt. No. 2. Because Townsend sets forth sufficient economic need, the Court finds that Townsend qualifies to proceed IFP.

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Townsend contends that Trustco Bank "shut down" her account through multiple wrongful acts. Compl. at 3. First, Townsend contends that Trustco refused to provide her with a debit card which was discriminatory because the failure to provide such resulted in Townsend having to walk to the bank and cash her checks and withdraw money which was difficult for her given her physical disability of a severe spinal cord injury. Id. at 3, 6. Moreover, Townsend alleges generic claims of (1) a conspiracy to steal her money by overdrawing her account approximately sixteen times between August 21 and October 31 of 2007 (Id. at 4, 7-10, 12); (2) deprivation of equal protection of the laws (Id. at 5); and (3) wrongful acts "motivated by [Townsend's] race, color, and handicap." (Id.). Expanding upon her previously articulated claims, Townsend contends that, as a black patron, the employees committed "racist acts in front of bank patrons . . . to humiliate [her] . . . .," by forcing her to return to the bank as defendant would not issue her a debit card and waiting on other white patrons in lieu of herself. Id. at 4, 7-8. The latter instances allegedly occurred on April 8, 2009. Id. at 7-8. Lastly, Townsend contends that defendant conspired with her landlord to conceal whether or not she had paid her monthly rent. Id. at 11.

Townsend alleges jurisdiction pursuant to multiple federal statutes[1]; however, the only one she relied upon which could be remotely applicable is 42 U.S.C. § 1981. Section 1981 provides, in pertinent part:

> All persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to the like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

Unlike § 1983, a § 1981 violation is not based upon underlying constitutional violations, "but rather provides an alternative statutory remedy for violations that concern an activity enumerated in the statute." Olivera v. Town of Woodbury, 281 F. Supp. 2d 674, 684 (S.D.N.Y. 2003). To state a claim under § 1981, a plaintiff must allege: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute [(i.e., make and enforce contracts, sue and be sued, give evidence, etc.)] . . . ." Id. (quoting Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)). Plaintiff must therefore allege facts from which a purposeful discriminatory intent can be inferred. Albert v. Carovano, 851 F.2d 561, 571-72 (2d Cir. 1988) ("Essential to an

---

[1] Townsend also alleges violations pursuant to United States Code Titles 12 and 18, which deals with criminal penalties, crimes, and criminal procedure. Title 18 does not provide a private right of action. See Hill v. Didio, 191 F. App'x 13, 14-15 (2d Cir. 2006) (citations omitted). Moreover, the provision of Title 12 cited has to deal with additional criminal penalties for record keeping at financial institutions, which is inapplicable to the case at bar. The final statute Townsend relies upon is 28 U.S.C. § 1343 which provides district courts with original jurisdiction of conspiracy claims, particularly those brought pursuant to 42 U.S.C. § 1985. For the reasons stated infra, such claims are also meritless.

action under Section 1981 are allegations that the defendants' acts were purposefully discriminatory . . . and racially motivated . . . ."); see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania United Eng'rs & Constructors, Inc., 458 U.S. 375, 391 (1982) (noting that like Equal Protection claims, Section 1981 "can be violated only by purposeful discrimination").

While Townsend has stated that she is the member of a racial minority, she has failed to include anything more than conclusory statements which would indicate an intent to discriminate on the basis of race or that such discrimination interfered with the elements outlined in the statute. If anything, Townsend appears to allege that defendants discriminated against her due to her disability, which is not covered by the aforementioned statute. To the extent that Townsend alleges an isolated incident with a teller, she fails to identify who the teller is or how that can be construed into a racially motivated event or policy of the named defendant. Thus, there is nothing proffered, even when reading the complaint in the most liberal fashion, which would indicate that purposeful discrimination by the defendant occurred or could be inferred.

Even if, liberally construing the complaint, such discriminatory intent could be found, or assuming that amendments to the complaint could be made such that discriminatory intent could be alleged, it is of no matter. This is because "[t]he statute of limitations for claims brought under Sections 1981 and 1985 of the Civil Rights Act is three years." Johnson v. Nyack Hosp., 891 F. Supp. 155, 162 (S.D.N.Y. 1995) (citing inter alia Tadros v. Coleman, 898 F.2d 10, 12 (2d Cir.) cert. denied 498 U.S. 869 (1990)). Moreover, "[t]he claim accrues and the limitation period begins to run with the plaintiff has notice of the act that is claimed to have caused injury." Id. (citations omitted). To the extent that Townsend has provided

dates in her complaint, such dates concern actions which occurred between August and November of 2007 and in April of 2009.  Both date ranges are well outside of the statute of limitations period.  Accordingly, amendment is futile.  See e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (holding that while pro se litigants are generally given an opportunity to amend their complaints to cure any deficiencies, where "[t]he problem with [the] causes of action is substantive; better pleading will not cure [the deficiencies and r]epleading would . . . be futile," thus leave to amend should be denied) (citations omitted).

To the extent that the complaint could be liberally construed to attempt to allege a conspiracy pursuant to 42 U.S.C. § 1985, such contentions are also meritless and fail to warrant the opportunity to amend.  In order to support a claim for conspiracy pursuant to § 1985, there must be "(1) an agreement . . . ; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002); Cusamano v. Sobek, 604 F. Supp. 2d  416, 468 (N.D.N.Y. 2009).  An agreement must be alleged with specificity as bare allegations of a conspiracy supported only by allegations of conduct easily explained as individual action is insufficient.  See Iqbal v. Hasty, 490 F.3d 143,177 (2d Cir. 2007); see also Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir.1999).  Thus, plaintiffs must "make an effort to provide some details of time and place and the alleged effects of the conspiracy . . . [including] facts to demonstrate that the defendants entered into an agreement, express or tacit, to achieve the unlawful end."  Warren v. Fischl, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999) (citations omitted).  While exact specifics are not required, "the pleadings must present facts tending to show agreement and concerted action."  Anilao v. Spota, 774 F. Supp. 2d 457, 512-13 (E.D.N.Y. 2011) (citations omitted).  Conclusory,

vague, and general allegations are insufficient to support a conspiracy claim. Ciambriello, 292 F.3d at 325.

Townsend has failed to allege any sort of agreement, let alone communication or a relationship between the named defendant and any of the unnamed, third party individuals that worked in the bank or were her landlords. Instead, Townsend asserts only conclusory allegations completely devoid of facts and details. Such a showing is insufficient to allege a proper claim. Moreover, as stated above, the statute of limitations for such claims is also three years. See Johnson, 891 F. Supp. at 162. Accordingly, amendment to further expound upon or clarify such details would be futile as the claims are similarly time-barred.

### C. Motion for Appointment of Counsel

Townsend has also filed a motion for appointment of counsel. Dkt. No. 3. In light of the present recommendation, this motion is denied without prejudice as moot at this time. However, in the event this recommendation is not adopted and the complaint is accepted by the Court, Townsend is free to renew her request for appointment of counsel.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that plaintiff's request for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE** and with a right to renew if the present Report and Recommendation suggesting dismissal is not adopted; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Townsend's complaint is **DISMISSED** for failure to state a claim; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 12, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge